## THE MEADER COMPANY v. THOMAS ARINGDALE.

(Case No. 1359.)

1. QUASHING AN EXECUTION.— An execution cannot be quashed after it has performed its functions and has been returned by the sheriff.
2. EXECUTION.— A claimant of property seized under execution will not be heard to assert its invalidity unless it be void.
3. SAME.— An execution issued on a dormant judgment is not void, but voidable merely.
4. MOTION TO QUASH EXECUTION.— Only such defects as are apparent on the face of an execution, and the records on which the questions presented by a motion to quash the execution arise, can be reached by such motion.
5. SAME.— A third party desiring to attack the validity of an execution which is voidable only should do so by direct pleading, or exceptions filed in the nature of a demurrer to the sufficiency of evidence, in case the supposed defect renders it void, or by tendering an issue of fact under the direction of the court. Unless the execution be attacked in some such way, no presumption will be indulged in favor of a judgment declaring the invalidity of the execution, notwithstanding there is neither statement of facts or bill of exceptions in the transcript.

ERROR from Waller. Tried below before the Hon. Wm. H. Burkhart.

An execution issued out of the district court of Waller county, April 27, 1880, in favor of plaintiffs in error and against E. P. Alsbury, which was on the 28th day of April, 1880, levied upon personal property found in the possession of E. P. Alsbury, a part of which was claimed by Thomas Aringdale through his agent, E. P. Alsbury, who filed his claim bond and affidavit, dated April 30, 1880, for the trial of the right of property. October 9th, claimant filed his motion to quash the execution for the following reasons: First, because at the time of the issuance of the execution more than one year had elapsed since the recovery of the judgment upon which the execution issued, and that no execution had issued thereon prior to the one now sought to be quashed; that the judgment, therefore, was, at the time of the issuance of execution, dormant, and there was no authority for the issuance of said execution. Second, because the execution was not authenticated by the seal of the court, as required by law.

The motion was, on the 18th day of April, 1881, sustained for the reasons therein stated, and the cause dismissed.

The judgment recited that " on this day came on this cause for trial, and came on defendant's motion to quash execution for reasons therein set forth; thereupon plaintiffs offered to prove by record evidence that the judgment has been revived, which was permitted by the court, to which defendant excepts; and upon hearing the evidence and argument of counsel, and having duly considered

and understood the said motion," etc. The judgment proceeded then to adjudge the law upon the motion in favor of the defendant and to dismiss the cause.

The plaintiffs prosecuted their writ of error to the supreme court, and assigned as error:

1st. The court erred in sustaining defendant's motion to quash the execution.

2d. The judgment or decree of record is not the judgment or decree asked for in defendant's motion to quash, and the court erred in rendering the same.

The execution was issued on the 27th day of April, 1880, returnable October 4, 1880, and was returned or filed in the district court September 9, 1880, with the indorsement showing the levy April 28, 1880, and that defendant in error had claimed the said property and filed his oath and bond. The oath and bond bear date April 30, 1880. The bond purports to have been filed in the district court September 9, 1880, and the oath April 9, 1880. The motion to quash was filed October 9, 1880, and acted upon April 18, 1881.

The execution was as follows:

STATE OF TEXAS,
County of Waller, } In District Court, to October Term, 1880.

THE STATE OF TEXAS, *to the sheriff or any constable of Waller county, greeting:*

Whereas, at a regular term of the district court held in and for the county of Waller, on the 13th day of July, A. D. 1878, the Meader Company, by the judgment of the said court, recovered against E. P. Alsbury the sum of $1,563.50, as also the further sum of $11.10 for cost in this behalf expended, and the further cost of executing this writ, as of record is manifest:

Therefore you are hereby commanded that of the goods and chattels, lands and tenements of the said E. P. Alsbury, you cause to be made the sum of money aforesaid, and have you the same before said court to be held at the court house thereof, in the city of Hempstead, on the first Monday in October, A. D. 1880, it being the 4th day of October, 1880, to render unto said court this writ, with your return thereon, showing how you have executed the same.

Herein fail not, under penalty of the law, and of this writ make due return.

Witness: L. McDade, clerk of the district court aforesaid, and the

[SEAL.] seal thereof affixed at office, in the city of Hempstead, this the 27th day of April, 1880.

L. McDADE,
Clerk Dist. C. W. Co.

*H. M. Browne, E. Blanc* and *A. J. Harvey*, for plaintiff in error.

I. The execution was *functus officii* at the time defendant's motion to quash was filed, and the motion to quash came too late. The execution was issued on the 27th day of April, 1880, returnable October 4, 1880, and was returned or filed in the district court September 9, 1880, with the indorsement showing the levy April 28, 1880, and that defendant in error had claimed the said property and filed his oath and bond. The oath and bond bear date April 30, 1880. The bond purports to have been filed in the district court September 9, 1880, and the oath April 9, 1880. The motion to quash was filed October 9, 1880, and acted upon April 18, 1881. Scott & Rose *v.* Allen, 1 Tex., 512; Toler & Crosby *v.* David Ayers, 1 Tex., 399; Portis *v.* Parker, 8 Tex., 28; Herman on Executions, p. 621, sec. 404, and cases cited.

II. If the execution was not void, but voidable only, the claimant to the property was not entitled to assert its invalidity in the proceeding to try the right of property, and have the same quashed for the reasons specified in his motion. Earl *v.* Thomas, 14 Tex., 591; Portis *v.* Parker, 22 Tex., 707; Boggess *v.* Howard, 40 Tex., 157, 158; also, Latham *v.* Selkirk, 11 Tex., 320.

III. The execution was not void. Boggess *v.* Howard, 40 Tex., 158; Sydnor *v.* Roberts, 13 Tex., 618, 619; Hancock *v.* Metz, 15 Tex., 204; Hawley *v.* Bullock, 29 Tex., 224; Anderson *v.* Richardson, 21 Tex., 287; Pasch. Dig., sec. 12,496, and cases cited; Herman on Executions, sec. 326, p. 403; Oxley *v.* Wizzle, 3 Morph., 250; 3 Wash. C. C., 134; 6 Yerg., 518; 4 Wend., 222; 17 Johns., 274; 4 Litt., 309; Noe *v.* Commonwealth, 6 J. J. Marsh., 514.

IV. The defendant's motion to quash the execution should have been acted on by the court at the October term, 1880, and not afterward.

V. Laches will prevent an execution from being quashed or set aside; as making the motion six months after the levy and delivery of claimant's oath and bond to the sheriff. Herman on Executions, sec. 404, p. 621.

VI. The burden of proof was on Thomas Aringdale to establish his right to the property by evidence, and until he did so he was a stranger to the execution and judgment, and had no right to inquire into the validity thereof. The property was personal property, and in the possession of defendant in execution at the time of the levy. Latham *v.* Selkirk, 11 Tex., 314; 14 Tex., 322; Sydnor *v.* Roberts, 13 Tex., 510; Herman on Executions, sec. 403, p. 619.

*T. J. Reese*, for defendant in error.

I. The motion to quash the execution was in the nature of a special exception to pleadings, and was filed at the earliest time it could have been, viz., at the first term of the court after the levy.

II. The execution was void. The execution appeared on its face to be a first execution, issued on the 27th day of April, 1880, upon a judgment recovered on the 13th day of July, 1878. Defendant in error promptly made this objection, by motion to quash the execution on this ground, at the first term of the court. Rev. Civ. Stats., art. 2281; Bennett *v.* Gamble, 1 Tex., 124; Scott & Rose *v.* Allen, id., 508; Fessenden *v.* Barrett, 9 Tex., 477; Latham *v.* Selkirk, 11 Tex., 314.

III. The claimant had the right to object that the execution was issued upon a judgment dormant at the time, upon the authority of Latham *v.* Selkirk, 11 Tex., 314. The objection urged by the claimant in that case was precisely the same as that urged in this case, and the court, in effect, decided that the objection would have been good, had it been made, as in this case, upon the trial of the case.

WALKER, P. J. COM. APP.— The motion to quash the execution came too late, even though it had been made by the defendant in execution. The execution had been returned, and the motion was filed after the return day of the execution. The execution was, in fact, returned and actually filed in court before the motion was entered. Scott & Rose *v.* Allen, 1 Tex., 508.

The claimant was not entitled to assert the invalidity of the execution (it being against another person) unless it was void. Portis *v.* Parker, 22 Tex., 707; Hancock *v.* Metz, 15 Tex., 205; Webb *v.* Mallard, 27 Tex., 80. Upon its face it is not void for either of the reasons assigned in the motion. As copied in the record, it purported to have been issued under the seal of the court duly affixed; and so far as concerns the first ground of the motion, it has been repeatedly decided by the supreme court that an execution is not void because issued on a dormant judgment; that it is voidable merely. Boggess *v.* Howard, 40 Tex., 158, and several cases cited from our reports. See also Riddle *v.* Turner, 52 Tex., 150.

Defects only that are apparent on the face of the execution and records on which the questions presented under the motion arise can be reached by the motion to quash. Hill *v.* Cunningham, 25 Tex., 32.

There is neither statement of facts nor bill of exceptions in the record to show anything more than the pleadings of the parties.

Every presumption, therefore, will be indulged in favor of the judgment; and it will be intended that whatever evidence could have been adduced properly under the issue, was presented in support of the judgment, and that it was sufficient to maintain its correctness.

It is clear that no evidence could have been adduced on an issue like this — an issue which was required by its very nature to be determined upon the face of the record as a question of law — which could warrant a judgment of dismissal of the cause.

Our conclusion is that the court erred in sustaining the motion to quash the execution, or in holding, if it were obnoxious to the first ground urged in the motion against its validity, that such defect could be rendered available by the defendant in this action to dismiss the proceedings under the levy.

The proper mode of raising questions like those presented in the motion to quash is to do so by direct pleading, as by exceptions filed in the nature of a demurrer to the sufficiency of the execution, in case the supposed defect renders it void, or by tendering an issue of fact under the direction of the court as to the validity of the execution as against third persons. The record in this case suggests the idea that the parties and the court treated the motion as presenting an issue of fact, which was determined upon its merits upon a hearing by the judge, with evidence adduced upon the issues made by the motion. A motion to quash an execution for specified reasons of invalidity is not such a pleading or paper as furnishes a basis for such course of proceeding, and hence no intendment can be indulged to support the judgment upon facts proven, notwithstanding there is no statement of facts nor bill of exceptions. Under the motion the questions were triable only upon the face of the record, and it is apparent from it that the execution was issued under the seal of the court; and as a matter of law, so far as the objection is made on account of the dormancy of the judgment, we have seen that the defendant cannot invoke it in his favor.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved January 29, 1883.]