**STATE BANKING BOARD et al. v. SMYTH et al.   (No. 7197.)**

Court of Civil Appeals of Texas. Austin. Dec. 21, 1927.

**1. Injunction ⬅145—Affidavit that allegations of petition were true to best of affiant's knowledge and belief held insufficient to support temporary injunction.**

In suit for injunction, affidavit of attorney verifying petition stating "that each and all of the allegations contained therein are true to the best of my knowledge and belief," *held* insufficient to support writ of temporary injunction granted ex parte on allegations of petition alone, and without hearing.

**2. Appeal and error ⬅236(1)—Defect in affidavit precluding grant of injunction may be considered for first time on appeal.**

Where affidavit by attorney for petitioners that allegations of petition were true to best of affiant's knowledge and belief was insufficient to support writ of injunction, trial court was without power to grant temporary injunction, though defect was not called to attention of court by motion to dissolve injunction which did not waive irregularity or preclude its consideration on appeal.

**3. Courts ⬅155—Mandatory relief to prevent banking board and state treasurer from paying out guaranty fund held without jurisdiction of district court.**

Mandatory relief sought against members of banking board and state treasurer to prevent their paying out to any bank, corporation, or individuals any of depositors' guaranty fund in possession of banking board or treasurer, until

final disposition of suit or further orders of court, is without jurisdiction of district court.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Suit by W. L. Smyth and others to enjoin the State Banking Board and others from paying money from depositors' guaranty fund. From an interlocutory order granting injunction ex parte, defendants appeal. Injunction dissolved.

Jno. W. Goodwin and L. C. Sutton, both of Austin, for appellants.

McCLENDON, C. J. Appeal from an interlocutory order restraining the members of the state banking board and the state treasurer "from paying out to any bank, corporation, partnership, association, or any individuals, any of the depositors' guaranty fund now in possession and control of the state banking board of the state of Texas, or any of said funds in the hands of the state treasurer of the state of Texas, until the final disposition of this suit, or until the further orders of this court herein."

[1] The injunction was granted ex parte upon the allegations of the petition alone, and without hearing. The petition is verified by the attorney for the petitioners, whose affidavit states "that each and all of the allegations contained therein are true to the best of my knowledge and belief." This affidavit is insufficient to support a writ of injunction. White v. Ferris (Tex. Civ. App.) 186 S. W. 367; Butler v. Remington (Tex. Civ. App.) 230 S. W. 224; Guaranty Co. v. Stalte (Tex. Civ. App.) 256 S. W. 632; Arlington v. Coach Co. (Tex. Civ. App.) 270 S. W. 1094.

[2] The correctness of this holding is conceded; but appellees contend that, where not called to the attention of the trial court by motion to dissolve the temporary injunction or otherwise, any defect or irregularity in the affidavit is waived, and will not be considered on appeal. The exact question presented in this contention was raised in White v. Ferris and Arlington v. Coach Co., above, and was decided adversely to appellees' contention. We therefore hold that the trial court was without power under the showing made by the affidavit to grant the temporary injunction.

[3] A number of other questions involving the sufficiency of the petition as showing any right whatever, not only to the injunctive relief prayed for, but to any relief at all either against the appellants or other parties in the suit, are urged. It is manifest that the mandatory relief sought against the members of the banking board and the treasurer is without the jurisdiction of the district court. This point was also conceded in the argument. It may also be seriously questioned whether any of the other relief which the pe-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

titioners seek may be granted. The petition was manifestly hurriedly drawn, and its fact allegations are quite meager. In view of this, and the further fact that several of the questions raised involving a construction of the guaranty fund law and the effect of its repeal upon the status of the fund are now before the Supreme Court in applications for mandamus by banking institutions not parties to this suit, we refrain from discussing any of these questions.

The temporary injunction appealed from is dissolved.

Injunction dissolved.

BLAIR, J., not sitting.