## GUTHRIE v. SPECK.

No. 7848.

Court of Civil Appeals of Texas. Austin.

July 14, 1932.

Rehearing Denied Oct. 5, 1932.

3742. The record contains a motion to dissolve; but as no action was had thereon and the appeal is from the interlocutory order, this motion cannot be considered. Young v. Dudney (Tex. Civ. App.) 140 S. W. 802 (error denied).

The application to take the deposition was not verified. Its recitative portions read: "Now comes George Guthrie, a resident of Bexar County, Texas, and represents that he anticipates the institution of a suit in which he may be interested and desires to perpetuate the testimony of T. J. Jacoby, a witness who resides in the County of Schleicher, State of Texas, to be used in such suit; that such suit could be instituted in the above named court; that Fred Speck of Menard County, Texas, is, and is supposed by him to be interested adversely to him."

The statutory provisions regarding process and notice were observed, from which it appears that the deposition was to be oral, and not on written interrogatories.

Speck and Jacoby brought this suit to enjoin the proceeding; the material averments of their petition, which was verified, reading:

"Your petitioner avers that Fred Speck has two suits in the district court of Bexar County, Texas, wherein George Guthrie is a party, and that Fred Speck does not live in Schleicher county, and never made any obligation to pay anything in Schleicher County, and the only transactions that could possibly be pending between the said George Guthrie and Fred Speck are now pending in the said two suits in the district court of Bexar County, Texas.

"That the said George Guthrie and companies that he represents, have sued T. J. Jacoby in the district court of Bexar County, Texas, and your petitioner believes that said attempt to take the deposition of T. J. Jacoby is but a fishing scheme to find out what the said Jacoby knows concerning either his own, or said Fred Speck suits pending in the Bexar County courts."

Temporary injunction was granted upon this petition, enjoining the proceeding pending hearing on its merits.

The substance of appellant's contention is: Since the petition for injunction showed on its face that appellant was attempting to avail himself of a right expressly given by statute, the injunction should not have been granted, in the absence of positive averments founded on appellee's own knowledge that the proceedings were illegal and not in accordance with law. It was further contended that no irreparable injury was alleged, and there was therefore no ground for injunctive relief.

The case has not been briefed for appellee.

We have reached the following conclusions

Wheeler & Fraser and Dan Moody, all of Austin, and Fellbaum & Fellbaum, of San Antonio, for appellant.

McCLENDON, J.

■ Appeal from an interlocutory order granting a temporary injunction in an action to enjoin a proceeding to take a deposition to perpetuate testimony under R. S. art.

which require affirmance of the trial court's order:

■ 1. The statute contemplates that the application to perpetuate testimony show upon its face the general nature of the anticipated suit and the general character of the testimony sought to be perpetuated.

■ 2. The petition for injunction negatived any right on appellant's part to perpetuate Jacoby's testimony, and was sufficient to put in issue the bona fides of the proceeding, and to require Guthrie to make a showing of his rights in the premises.

■ 3. The temporary injunction was the only possible means of preserving the status quo pendente lite; and therefore the injunctive relief granted was proper.

The pertinent portions of article 3742 read: "When any person may anticipate the institution of a suit in which he may be interested, and may desire to perpetuate the testimony of a witness to be used in such suit, he, his agent or attorney, may file a written statement in the proper court of the county where such suit could be instituted, representing the fact and the names and residences, if known, of the persons supposed to be interested adversely to said person."

This article was first enacted in 1848 as section 18 (page 111, Gen. Laws 2nd Leg.) of an act regulating district court proceedings. It was amended in 1874 (chapter 82, p. 103), and has been carried forward into the several codifications. The original act provided that the proceeding be filed "in the court of the county where such suit could be instituted." This language was changed in the 1874 act to read, "in the District Court, etc."; and in the 1925 codification to read, "in the proper court of the county where such suit could be instituted." In all other respects the wording of the original act has been continued in subsequent enactments and codifications, with this exception: In the 1925 codification, the application was required to represent "the fact," whereas in all previous enactments it was required to represent "the facts." We attach no significance to this change from plural to singular.

The purpose of this requirement was, we think, to inform the adverse party of the general nature of the anticipated suit in order that he might (1) inform himself as to the necessity or propriety of preserving the testimony; and (2) be in position intelligently to cross-examine the witnesses.

At the time this statute was originally enacted, analogous proceedings of early origin existed both in the civil law and in English jurisprudence. To quote from Sullivan v. Dimmitt, 34 Tex. 123: "The right to take the examination of witnesses before an officer authorized for that purpose, with the view of perpetuating their testimony, was fully rec-

ognized and established by the civil law many centuries ago (Domat, Civ. L., 2036); and is still recognized in the English chancery courts as a practice admissible, and indeed, under certain circumstances, absolutely necessary for the protection and maintenance of the rights of parties. This practice is adopted in nearly, if not quite, every State in the Union (Story's Eq. Juris., 1505), including the State of Texas (Pas. Dig., 3734), and is and was the law of Mexico at the time of taking the testimony in 1835. The court therefore erred in excluding the testimony of the three witnesses, whose examination was had before the judge of the first instance, in the city of San Antonio."

The English proceeding was by bill in equity to take depositions in perpetuam rei memoriam. See 18 C. J., p. 609, § 8; 8 R. C. L., p. 1132, § 3; case note 25 L. R. A. (N. S.) page 673 et seq. Under the equity practice, the adverse party must be given notice, and thereafter had a specified time within which "to show cause against proceeding to take the depositions, and if sufficient cause is shown against it, the complainant is not allowed to proceed." Hall v. Stout, 4 Del. Ch. 269. The general requirements of the bill are thus summarized in Booker v. Booker, 20 Ga. 777: "The bill should state every matter which is necessary to entitle the complainants to this remedy, to-wit: their interest; the reason why suit cannot be instituted; the subject matter of the controversy, and the proof they propose to make; the interest or the duty of the defendants to contest the right or title; the ground of necessity for perpetuating the evidence."

Furthermore: "The application must be made in good faith. The granting of an order for the perpetuation of testimony is improper where it is sought solely to enable plaintiff to frame the complaint, or to perpetuate testimony as to trivial matters." 18 C. J., p. 609, sec. 9.

The bill, though amendable, could not be converted into a bill of discovery. Ellice v. Roupell, 32 Beav. 308.

The purpose of our statute was, we think, to substitute a simple legal procedure for the bill in equity, which in many respects may be regarded as cumbersome and technical; and while many of the requirements of the bill have been eliminated in the statute, we think the requirement that the application should represent the facts was intended to cover the requirement of the bill that it set forth "the subject-matter of the controversy," at least in general terms, so as to acquaint the adverse party of the nature of the anticipated suit. See Stayton's Texas Forms (2d Ed.) p. 486.

The application here involved gives no intimation whatever regarding the nature or subject-matter of the anticipated suit. More-

over, the notice was to take the oral deposition of the witness with no suggestion as to the character of questions that would be propounded to him, nor the nature of the evidence sought to be elicited.

The adverse party has the right, we think, to be informed as to the nature of the anticipated suit, in order that he may determine whether there is legal ground to perpetuate the testimony, whether the application is in good faith, and whether the proceeding is merely a "fishing expedition." This information is essential also in order that he may be prepared to properly cross-examine the witness.

It would be unreasonable, we think, to give the statute a construction that would deprive the adverse party of these valuable and essential rights.

But even if it be conceded that a defect in the application in this regard would not render the proceeding void, it is clear, we think, that the adverse party has the right, before the deposition is taken, to bring in question the good faith of the proceeding, and to require a showing on the applicant's part as to the nature and subject-matter of the anticipated suit.

The injunction petition clearly and unequivocally put these matters in issue. It averred that "the only transactions that could possibly be pending between the said George Guthrie and Fred Speck are now pending in said two suits in the District Courts of Bexar County, Texas." This positive verified allegation, if true, negatived the right to perpetuate testimony.

Following this is the further allegation that "petitioner believes that said attempt to take the deposition of T. J. Jacoby is but a fishing scheme to find out what the said Jacoby knows concerning either his own, or said Fred Speck suits." This averment put in issue the good faith of the proceeding, as one to perpetuate testimony to be used in an anticipated suit. While appellant's brief does not so state expressly, we infer the objection to this averment to be that it was not made unequivocally, but as a "belief" of "petitioner." The general rule is that to obtain a temporary injunction, ex parte and without notice, the supporting allegations must be made unequivocally as existing facts, and not merely upon information and belief. State Banking Board v. Smyth (Tex. Civ. App.) 2 S.W.(2d) 536, and authorities there cited. This particular allegation, however, relates to the purpose of appellant in instituting the proceeding, and could hardly be within the positive knowledge of Speck. Following the unequivocal above-quoted averment which negatives the right to institute the proceeding, it may be regarded as a deduction therefrom. In any event it was not essential to the right of Speck to a temporary injunction pending a hearing on the merits.

We think the petition shows grounds for the temporary injunction. Speck, as we have shown, had the right to have determined, before the deposition was taken, the issues raised in his petition. The only way to preserve that right was to enjoin taking the deposition until those issues were decided on their merits. Without such injunction the deposition would be taken, the issues raised in the injunction petition would become moot, and Speck's rights therein would be destroyed. Appellant will be afforded ample opportunity to contest the allegations of the injunction petition in the hearing upon the merits, and whatever may be his rights, as shown therein, will be protected by the final decree.

The order appealed from is affirmed.