BEN RAMSEY V. J. HARRIS GARDNER, DISTRICT JUDGE ET AL

No. A-5080. Decided May 4, 1955.
Rehearing overruled June 15, 1955.
(279 S.W. 2d Series 584)

458

Everett Looney, Tisinger & Sloan, David S. Tisinger and Donald S. Thomas, all of Austin, for relator.

Yelderman & Martin and Wm. Yelderman, all of Austin, for respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is an original petition for writs of mandamus and

prohibition filed by Ben Ramsey, relator, against Honorable J. Harris Gardner, Judge of the 53rd District Court of Travis County, C. T. Johnson, Henry Beck, William Yelderman and Roy Martin, respondents, the last two named being Mr. Johnson's attorneys. The principal question is whether a proceeding to perpetuate testimony under Rule 187, Texas Rules of Civil Procedure, is subject to the mandatory continuance provisions of Art. 2168a, Vernon's Annotated Texas Civil Statutes. We have concluded that it is not.

On December 1, 1954, C. T. Johnson filed the following statement in the 53rd District Court of Travis County:

"C. T. Johnson, Petitioner, shows and represents that he anticipates the institution of a suit in which he may be interested and desires to perpetuate the testimony of Vernon T. Sanford, a witness, who resides in Austin, Travis County, Texas, to be used in such suit; that such could be instituted in the court in which this proceeding is filed; and Ben Ramsey, who resides in San Augustine, San Augustine County, Texas, is supposed by him to be interested adversely to this petitioner.

"That such suit as is anticipated will, if instituted, grow out of campaign expenditures made by the said Ben Ramsey in seeking the Democratic Nomination for the office of Lieutenant Governor of the State of Texas for the period commencing April 1, 1954, and terminating on August 1, 1954, and petitioner anticipates the filing of a suit growing out of unreported campaign expenditures as are required to be reported under the laws of the State of Texas and in particular under those portions of the laws of the State of Texas commonly known as, and referred to as, the Texas Election Code.

"Wherefore, Petitioner prays that the proper writ issue and be, with a copy of this statement, duly served and the deposition of such witness be taken and returned as required by law."

Relator was served with a copy of the statement and writ on or about December 22, 1954. On January 13, 1955, pursuant to an application by Mr. Johnson therefor, the District Clerk issued a commission to take the deposition of the witness on January 26, 1955, and relator was duly notified on January 14, 1955. The commission was placed in the hands of Henry Beck, a notary public of Travis County, who issued a subpoena duces tecum directing the witness to appear at the time and place set for the deposition and bring with him various records of the Texas Press Association.

The relator thereupon filed the following in the trial court: (1) a verified motion for continuance under Art. 2168a; (2) a motion to quash the citation and commission; and (3) a plea of privilege.

On January 25th Judge Gardner overruled relator's motions, thereby opening the way for taking the deposition the following morning. No ruling was made on the plea of privilege. Relator then presented to this Court his petition for writs of mandamus and prohibition, and we ordered the same filed and stayed the taking of the deposition until this cause could be determined.

Relator is Lieutenant Governor of Texas. The Legislature was in session at the time of the hearing below and has been at all times since, and during that period relator has been and is engaged in the performance of the duties of his office, including presiding over the Senate of Texas. He contends that under the provisions of Art. 2168a he was entitled to have the taking of the deposition continued until at least thirty days after the adjournment of the Legislature.

■ Article 2168a provides that "In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within thirty days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature and will be or is in actual attendance on a Session of the same * * * the provisions of this Section shall be deemed mandatory and not discretionary." If a litigant is denied a continuance to which he is entitled under the provisions of this article, his right to relief in an original proceeding in this Court is established by our decision in Mora v. Ferguson, 145 Texas 498, 199 S.W. 2d 759.

The first act providing for the continuance of a case in which a member of the Legislature is a party or attorney was enacted in 1929. Acts 41st Leg., p. 17, ch. 7. The granting of a continuance under this statute was held to be a matter within the sound discretion of the trial court. Davis v. State, 120 Texas Cr. Rep. 330, 49 S.W. 2d 805. The Legislature thereafter amended the statute to make its provisions mandatory. Acts 1941, 47th Leg., p. 69, ch. 56. The statute as amended was then

superseded, so far as civil actions are concerned, by Rule 254, Texas Rules of Civil Procedure, and for that reason was re-enacted by the Legislature. Acts 1949, 51st Leg., p. 1111, ch. 569.

Art. 2168a, expressly applies "in all suits, either civil or criminal, or in matters of probate." The same language was used in the earlier acts. The 1929 statute stipulated that "it shall be sufficient ground for a continuance of such cause," and the later acts require the court to "continue such cause." It is apparent, therefore, that neither the 1941 amendment nor the 1949 re-enactment was intended to enlarge the scope of the original act.

The continuance of a cause usually means the postponement of the trial of a case. The caption of the 1929 Act reads "an Act providing for the continuance of the trial of any civil or criminal action or matter in probate * * *," and the emergency clause recites that "* * * the trials of such causes necessarily requires such members (of the Legislature) to absent themselves from the meetings of the Senate and House * * *." A recital similar to the one last quoted also appears in the emergency clause of the 1941 amendment. It is clear to us that the effect of the statute is to require that the trial of an action or matter in probate be continued when the other requirements are satisfied.

■ A proceeding to perpetuate testimony does not constitute or involve a trial. We are not unmindful of the fact that at common law depositions in aid of a pending or anticipated suit could be and were obtained only by means of a separate suit in the nature of a bill for deposition in a court of equity. During most of the period since Texas became a state, however, our deposition procedure has been regulated by statute. The taking of a deposition to perpetuate testimony in aid of an anticipated suit was authorized by the Legislature in 1848. Gammel, Laws of Texas, Vol. 3, p. 106, sec. 18. As stated by Judge McClendon in Guthrie v. Speck, 53 S.W. 2d 319 (no writ), the statute substituted a simple legal procedure for the more cumbersome and technical bill in equity.

The basic procedure for perpetuating testimony originally adopted by the Legislature in 1948 remains a part of our practice under the provisions of Rule 187. A person who anticipates the institution of a suit in which he may be interested, files with the district clerk of the proper court the statement required by

the rule, and writ accompanied by a copy of the statement is served on the adverse party. The matter then proceeds as in the case of depositions taken in aid of a pending suit. Unlike the equitable suit to perpetuate testimony, there is no requirement of a hearing or order by the trial court prior to the issuance of the commission. The clerk of the court performs only ministerial duties in issuing the notice to the adverse party and the commission to take the deposition. It is our conclusion that the proceeding to perpetuate testimony does not fall within the purview of Art. 2168a.

Relator argues that Art. 2168a is in the public interest, its purpose being to enable members of the Legislature to give their constant and uninterrupted attention to the performance of their official duties, and that the detriment to the public arising from relator's absence from the Senate while the deposition is taken would be the same as that arising from his absence to attend the trial of a case. This may well be true. On the other hand the statute is mandatory, and the intention of the Legislature and the effect of the Act or clearly revealed by its provisions.

We would not, therefore, be justified in extending the Act to situations which do not come within its terms.

Respondents contend that relator is not a member of the Legislature within the meaning of Art. 2168a, but it is not necessary for us to decide that question.

Relator also seeks by mandamus to compel Judge Gardner to quash the citation and commission, or in the alternative to transfer the proceedings to San Augustine County. He contends, (1) that the statement filed by Mr. Johnson is deficient in failing to show why the anticipated suit cannot now be filed, in failing to show that the proceeding was filed in good faith and not as a fishing expedition, and in failing to allege facts describing the nature of the proposed suit and the nature and character of the testimony expected to be elicited from the witness; and (2) that the statement fails to allege facts supporting the conclusion that the anticipated suit could properly be filed in Travis County and shows on its face that such suit would necessarily be instituted in San Augustine County. The statement, writ, notice to take deposition, commission and subpoena constitute the only evidence introduced on the hearing in the court below.

■ A motion to quash is analagous to a demurrer and reaches only intrinsic defects apparent on the face of the record. Minnehoma Financial Co. v. Johnson, 152 Texas 386, 258 S.W. 2d 78; Meader Co. v. Aringdale, 58 Texas 447; Hill v. Cunningham, 25 Texas 26. We have concluded that the statement in the present case is not so defective as to justify the issuance of a writ of mandamus to compel the trial judge to quash the citation and commission.

■ It is undoubtedly true that a bill in equity to perpetuate testimony does not lie where the matter as to which the witness is to be examined can be made the subject of immediate judicial investigation. 18 C. J. 626, Sec. 39; (26 C.J.S. 827, § 23) 16 Am. Jur. 703, Sec. 9. Some jurisdictions hold that the right to avail oneself of the statutory privilege of taking depositions in aid of a pending or contemplated suit does not follow from compliance with the statute but also depends upon the existence of the circumstances which were necessary to support a bill in equity. See Petition of Central Vermont Public Service Corporation, 115 Vt. 204, 55 Atl. 2d 201. We do not regard such decisions as applicable to our Texas practice. The statutes created new and less complicated procedures for achieving the results formerly accomplished through the bill in equity, and these procedures are now set out in the Rules of Civil Procedure. The taking of depositions in this State is controlled by the applicable provisions of the Rules, and is not subject to all the conditions and limitations of the equitable bill to preserve testimony.

■ Rule 187 does not require, as a condition to the right to perpetuate testimony thereunder, that the applicant be unable to file the suit and obtain the testimony by ordinary deposition. We will not engraft such a condition upon the Rule. Nor is the statement required to allege that the proceeding is instituted in good faith and not as a fishing expedition. The good faith of the moving party is presumed unless the contrary is established by the allegations of the statement or by the evidence. In the present case no evidence was introduced tending to show that the proceeding was not filed in good faith.

The recital that the anticipated suit could be filed in the court where the proceeding is filed is a legal conclusion, but the other information contained in the statement does not negative the truth of such conclusion. We cannot agree with relator that as a matter of law any suit touching his campaign expenditures would necessarily be filed in San Augustine County. If the mo-

tion to quash were treated as a plea in abatement, it still would have been incumbent upon relator to introduce evidence to establish that the proceeding was not filed in the proper court.

Rule 187 contemplates that the statement will include such information regarding the nature of the anticipated suit as will fairly enable the adverse party to cross-examine the witness. It does not require or contemplate that the statement will show the testimony which the moving party expects to elicit from the winess. The allegations of the statement in the present case as to the nature of the anticipated suit are somewhat broad and general, but mandamus will not issue to revise a ruling of the trial court as to the sufficiency of the statement in that respect. If the adverse party is prejudiced by the taking of a deposition under a statement which contains insufficient information regarding the nature of the anticipated suit, he has an adequate remedy by proper motion to suppress the deposition when the suit is filed.

■ The relief sought by relator against the respondents other than Judge Gardner ,although termed a writ of prohibition, is in reality a writ of injunction to restrain the taking of the deposition. The law is settled that this Court does not, in an original proceeding of this character, have jurisdiction to grant writs of injunction except to make effective its judgment awarding a writ of mandamus. Lane v. Ross, 151 Texas 268, 249 S.W. 2d 591; Miller v. Tucker, 151 Texas 277, 249 S.W. 2d 917.

The petition for writs of mandamus and prohibition is denied, the temporary writ of prohibition heretofore issued is dissolved, and the costs are taxed against relator.

Oponion delivered May 4, 1955.

MR. JUSTICE GRIFFIN, joined by JUSTICES BREWSTER and SMITH, dissenting.

I respectfully dissent from the majority opinion.

The majority opinion holds that Art. 2168a, Vernon's Ann. Civ. Statt. of Texas, is not applicable to the present proceedings. In this, I think the majority is in error. The majority applies Art. 2168a and our corresponding Rule 254 only to bring about a postponement of a *trial* of a cause, and not to postpone any preliminary or ancillary proceeding. This conclusion is arrived at by considering only the language of that portion of the

Article and Rule which provides that the court shall "continue such cause," and "any party applying for such continuance," and like wording wherein the word "continuance" is used. This wording is only a part of the enactment, and I believe all of the wording of such enactments should be considered in determining the meaning which the Legislature had in mind in enacting the law.

It is to be noted that in Rule 254, Vernon's Ann. Rules of Civil Procedure, Texas, the word "trial" occurs only one time. That language is "* * * and that the presence of party or attorney is necessary to a fair and proper trial of the cause." The opening sentence of the Rule sets forth the nature of the actions to which it is applicable. It reads in part: "In *all civil actons* pending in any court of this State at any time the legislature is in session * * * for a continuance of *such cause* * * * that any party * * * or any attorney for any party to *such cause* * * *. Where a party to *any cause* is a member of the legislature * * * the court shall continue the *cause* * * *." (Emphasis added) This Rule was one of the original rules promulgated by this Court, and adopted by the Legislature and became effective September 1, 1941.

In 1949 the Legislature by Acts, 51st Leg., Reg. Sess., Ch. 569, p. 1111, Sec. 1, enacted what is now Art. 2168a, and which deals with the same general subject matter as Rule 254. It is to be noted that nowhere in said Act is the word "trial" used. The beginning of this Act reads: "In all suits, either civil or criminal, or in matters of probate * * *," and uses the word "cause" throughout. Nowhere is the word "trial" use in Art. 2168a. The emergency clause, Sec. 2 of the Act, in part states: "The fact that Rule No. 254 * * * has superseded, *in so far as civil actions are concerned,* * * *." (Emphasis added)

In the case of National Life Co. v. Rice, 140 Texas 315, 167 S.W. 2d 1021, 1023, the Court of Civil Appeals had certified to this Court certain questions arising in the trial of the plea of privilege hearing below. One of these questions was whether or not the petition filed by plaintiff below was a "suit" within the contemplation of Subsection 28 of Art. 1995, prescribing venue in suits on policies of life insurance. This Court held it was a "suit", and defined a suit as follows:

"* * * A 'suit' is 'any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him.' Watson Co. v. Cobb Grain Co., Texas

Com. App., 292 S.W. 174, 176, quoting the language of Chief Justice Marshall in Weston v. City Council of Charleston, 2 Pet. 449, 7 L. Ed. 481. It is the prosecution of some demand in a court of justice. Ex Parte Towles et al., 48 Texas 413, 433."

Surely it cannot be contended that Respondent Johnson is not seeking to pursue in a court of justice a remedy afforded him by law—to wit, that of preserving the testimony of a witness to be used in an action against the Relator.

In discussing a proceeding to preserve testimony, it was held in the case of Gonzales v. Rodriguez, 1952, Texas Civ. App., 250 S.W. 2d 253, 255, no writ history, that an election contest is such a suit as to make Rule 187 (preservation of testimony) available. Tht Court recognized that an "election contest" is not an ordinary "civil suit." The contention was there made that for Rule 187 to be applicable the cause must be a "civil suit." That Court says:

"* * * The question here is whether or not the provisions of Rule 187, supra, (Texas Rules of Civil Procedure) are broad enough to permit the taking of depositions in a prospective election contest.

"Rule 2, Texas Rules of Civil Procedure, provides in part as follows:

'These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated.'

"This is a general provision of the Texas Rules of Civil Procedure and states their application. It will be noted that the rules are not to be applied only to 'civil suits' but are to be applied in all 'actions of a civil nature,' which would include all proceedings of a civil nature and only exclude criminal cases. Therefore, we see no reason why Rule 187, supra, should not be applied to election contests as well as all other proceedings of a civil nature.

"This is a question of first instance in this State and we find no Texas authorities in point. It has been held in other jurisdictions that depositions may be taken in a disbarment proceeding under statutes which are apparently very similar to our Rules of Civil Procedure. 10 American Jur., p. 703, Sec. 11; State ex rel. Kehoe v. McRae, 49 Fla. 389, 38 So. 605; State v. Mosher,

128 Iowa 82, 103 N. W. 105. The contention of appellees that Rule 187 has no application to election contests is overruled."

By the same reasoning we think that Rule 2, Texas Rules of Civil Procedure also makes the present proceeding one in which Rule 254, as amended by Art. 2168a, Acts, Leg., 1949, supra, is applicable.

The case of Lambert v. Texas Employers' Ins. Ass'n., 1938, Texas Civ. App., 121 S.W. 2d 406, no writ history, states that a proceesing to perpetuate testimony is not of itself an independent suit, but merely a method of taking depositions in aid of and incidental to an anticipated suit. Again, the Court says this proceeding is merely ancillary to the main suit to be filed later. Similar reasoning will be found in the cases of Equitable Trust Co. v. Jackson, 129 Texas 2, 101 S.W. 2d 552; Dallas Joint Stock Land Bank of Dallas v. State ex rel Cobb, 135 Texas 25, 137 S.W. 2d 993; B. F. Avery & Sons Plow Co. v. Mayfield, 1937, Texas Civ. App., 111 S.W. 2d 1134, writ dismissed, w.o.j.; State of Arizona v. State of California, 1933, 392 U.S. 341, 54 S. Ct. 735, 78 L. Ed. 1298.

This proceeding is certainly a "proceeding in a civil suit or action," and although some of the authorities hold it is "ancillary or incidental" to the suit later to be filed, I think it is within the meaning of Rule 254, and Art. 2168a of a "civil suit" and a "cause" which Relator is entitled to have postponed until 30 days after the adjournment of the present legislative session, as prayed for by him. By "ancillary" is meant "aiding, attendant upon, describing a proceeding attendant upon or which aids another proceeding considered as principal." Black, *Law Dictionary, 4th Ed.* Webster's, *New International Dictionary, 2nd. Ed.*, defines "ancillary" pertaining to legal matters, as "designating or pertaining to a * * * proceeding that is subordinate to, or in aid of another primary or principal proceeding * * *." In other words, it is a part of a principal proceeding. In our case the proceeding here is in aid of a future suit to be filed, and is a "suit" within the meaning of Art. 2168a. If it is a part of, or in aid of a suit, it is the first step or proceeding in the suit.

I would hold that Relator,. as Lieutenant-Governor, is a "member of the Legislature" as those words are used in Rule 254 and Art. 2168a. It is true he is an official, whose office is created by Sec. 16 of Art. IV of the State Constitution. This Article is entitled "Executive Department," and unquestionably

Relator is an officer of such Executive Department. At the same time, and by that Article of the Constitution, it is provided that the Lieutenant-Governor, by virtue of his office, is president of the Senate, and when the Senate is in Committee of the Whole, he shall have a right to debate and vote on all questions; also he shall give the casting vote when the Senate is equally divided. Sec. 17 of Art. IV provides that the Lieutenant-Governor, while he acts as president of the Senate, shall receive for his services the same compensation and mileage as allowed to members of the Senate and no more. It is to be noted that neither Art. 2168a nor Rule 254 limit their application to "members of the Legislative Department," but provide for relief to "members of the Legislative." I believe these enactments include Relator as Lieutenant-Governor within their terms.

The reasons for postponing causes in which members of the Legislature are parties or attorneys is discussed in detail in the case of Mora v. Ferguson, 145 Texas 498, 199 S.W. 2d 759. These reasons are to encourage and make possible effective work of the Legislature by preventing the members thereof from having their interest and attention diverted during sessions resulting from worry about any court proceedings. The same reasoning applies to protecting the Lieutenant-Governor from having to attend proceedings of the nature herein involved during legislative sessions. Surely it will not be disputed that it is very essential that Relator be present at the taking of these depositions in order that his rights may be protected. His presence is essential if his attorney is to conduct intelligently and effectively Relator's side of this cause. Situations will arise on the hearing that Relator's counsel will need to consult with Relator in order to properly develop the cause. If Relator is forced to be present at the hearing during the session of the Legislature, the Legislature must suffer by virtue of his absence. If Relator is forced by the pressure of his legislative duties to be absent from the taking of this deposition, then his rights must suffer. Art. 2168a and the cases construing it show that it was to remedy this dilemma that the Legislature passed Art. 2168a. Further, to hold that Art. 2168a is not applicable to these proceedings is to nullify the provision of this Article and the reasons for its passage.

I do not believe the judicial branch of our government should be a party to the creation of such confusion, or to aid in the obstruction of the Legislature in its deliberations. I believe we should give effect to the language of the legislative enactment, and to the prior reasoning of this Court in applying this legis-

lation, and afford Relator the relief sought by mandamus requiring this proceding to be postponed as provided by Art. 2168a.

Relator raises the question of the sufficiency of the statement filed by respondent Johnson to appraise him of the cause of action against him; also Relator filed a plea of privilege to have the taking of the deposition moved to the county of Relator's residence. I believe these matters are not before us in this proceeding, but I believe the trial court should act upon the above pleas prior to the taking of the deposition herein. In my opinion, Guthrie v. Speck, Texas Civ. App., 53 S.W. 2d 319, 320, no writ history, would require a holding that the present statement amounts to no more than a mere "fishing expedition."

Opinion delivered May 4, 1955.

ON REHEARING

MR. JUSTICE SMITH, dissenting.

By heretofore joining in the dissenting opinion, I have made known my belief that a mandatory continuance should have been granted in this case under the provisions of Article 2168a, Vernon's Annotated Texas Civil Statutes.

I am writing on motion for rehearing because, in my opinion, this case presents other problems which are much more important and far-reaching than the question of whether a continuance should have been granted; and, I respectfully submit, the decisions of the majority of the Court with respect to such problems are erroneous.

As is stated in the majority opinion, the old bill in equity to perpetuate testimony did not lie when the matter about which the witness was to be examined could be made the subject of an immediate law suit. As is also stated in the majority opinion, the procedure for perpetuating testimony which is provided by Rule 187, Texas Rules of Civil Procedure, is a substitute for the old bill in equity. Consequently, Relator has argued that, as a matter of precedent and history, this Court should hold that in order to perpetuate testimony under Rule 187 the moving party must follow the same procedure required under the old bill in equity and show some good cause why the matter to which the testimony relates cannot be made the subject of an immediate suit. The Supreme Court of Vermont so held with

respect to its perpetuation statute in Petition of Central Vermont Public Service Corporation, 115 Vt. 204, 55 Atl. (2d) 201, but the majority of this Court has said "We will not engraft such a condition" upon the Texas perpetuation rule.

I am not persuaded by Relator's argument, or by the logic of the Vermont Court, that because, as a matter of history, such a condition attached to the old bill in equity, it should also attach to Rule 187. I am, however, thoroughly convinced that, not as a matter of history, but as a matter of equity and justice, this Court should hold that a prospective litigant who attempts to avail himself of the procedure provided by Rule 187 should be required to show some good reason why he cannot institute suit immediately.

Under ordinary deposition procedure, the suit has been filed, the issues have been joined in the pleadings, and the defendant's attorney therefore knows the precise issues about which the witness should be examined. Absent good cause for different procedure, a defendant's attorney is entitled to examine witnesses under such conditions. However, under Rule 187 as it has been interpreted in the majority opinion, a person representing himself as a prospective litigant can obtain a commission for the taking of depositions upon the basis of extremely vague statements about the general nature of the lawsuit which he purports he intends to institute, and an attorney for the prospective defendant is forced to shoot in the dark at a moving target in examining the witness, without any definite knowledge of the nature of the prospective suit, and without anything more than inferences concerning the issues which will be raised therein. In my opinion, a prospective litigant who desires to examine a witness under such conditions should, at the very least, be required to make a clear showing of good and sufficient reasons why he cannot immediately institute suit and utilize ordinary deposition procedure. The holding to the contrary by the majority of this Court is, I believe, the most basic and fundamental error in the majority opinion.

However, even if we assume that this holding in the majority opinion is correct, under what conditions should the Court permit the testimony of a witness to be perpetuated—should it permit perpetuation upon the basis of vague, general statements concerning the nature of the purported prospective lawsuit, or should it require that the nature of such suit be pinpointed in the greatest possible detail? Unless the attorney for the prospective defendant is to be placed at an extremely gross disad-

vantage, the Court should select the latter alternative, and in Guthrie v. Speck, Texas Civ. App., 53 S.W. 2d 318, the Austin Court of Civil Appeals so held. Fairness and justice most certainly require that an attorney for a prospective defendant who is subjected to taking a deposition prior to the filing of a lawsuit should be protected in some measure by a requirement that his opponent give him the most detailed possible information concerning the nature of the proposed suit and of the issues therein. However, the majority of this Court has held that the procedure provided by Rule 187 can be utilized, first, without showing any reason why suit cannot immediately be instituted, and, secondly, upon the basis of an indefinite statement to the effect that the anticipated suit " 'will, if instituted, grow out of campaign expenditures made by the said Ben Ramsey in seeking the Democratic nomination for the office of Lieutenant Governor of the State of Texas for the period commencing April 1, 1954, and terminating on August 1, 1954, and petitioner anticipates the filing of a suit growing out of unreported campaign expenditures as are required to be reported under the laws of the State of Texas and in particular under those portions of the laws of the State of Texas commonly known as, and referred to as, the Texas Election Code'."

Article 14.03 of the Election Code sets forth ten categories of campaign expenditures that can legally be made by a candidate, his campaign manager, or assistant campaign managers. Within these categories the Article lists approximately twenty-one permissible purposes for which expenditures can be made.

Article 14.04 of the Code provides that it is unlawful for any person other than the candidate, his campaign manager, or his assistant campaign managers to make campaign expenditures except for two limited purposes.

Under Article 14.05, a defeated candidate can sue to recover damages from anyone who violates either Article 14.03 or Article 14.04.

When the Respondent C. T. Johnson filed the above-quoted statement concerning his anticipated suit, what did he tell the Relator? Did he tell the Relator whether his suit is to be against the Relator personally under Article 14.03? He did not. Did he tell Relator whether the suit is to be against his campaign manager or against any one or more of his assistant campaign managers? He did not. Did he tell Relator whether the suit is to be against some third party under Article 14.04? He did not.

Did he tell Relator what the alleged expenditures are or why they did not fall under one of the approximately twenty-one purposes enumerated in Article 14.03, or under one of the two purposes set forth in Article 14.04? He did not.

As a result, if this Court permits a proceeding under Rule 187 to perpetuate the testimony of Vernon T. Sanford in connection with a prospective suit" growing out of unreported campaign expenditures." Relator's attorneys literally will have to "cover the waterfront," for they will have to examine the witness in an attempt to elicit information concerning (1) a possible suit against Relator himself under Article 14.03; (2) a possible suit against his campaign manager under Article 14.03; (3) a possible suit against any one or more of his assistant campaign managers; and (4) a possible suit against third parties who might have made expenditures on his behalf and whose expenditures might have been entirely unknown to Relator.

Nor is this all. Under Article 14.08 of the Election Code, still another type of suit can be brought by a defeated candidate against a candidate who has not reported his campaign expenditures, and, in questioning Mr. Sanford, Relator's counsel will also have in mind the possibility of a suit under that Article.

In summary, the statement filed by the Respondent C. T. Johnson fails to apprise Relator whether his anticipated suit will be filed under Article 14.03, under Article 14.04, or under Article 14.08. In addition, it fails to inform Relator whether he is the prospective defendant, whether the prospective defendant is his campaign manager or one or more of his assistant campaign managers, or whether it is some one or more of the thousands of persons who may have made campaign expenditures on his behalf. I do not think that a prospective litigant should be forced to respond to a request to perpetuate testimony or to examine witnesses under such conditions.

If a prospective litigant can be forced to take a deposition under such conditions, the door is wide open to the rankest of "fishing" expeditions. In this connection, I might add that I construe the decision in Guthrie v. Speck, supra, with which I fully concur, as being to the effect that when, as in this case, the prospective defendant files a sworn statement that the real purpose of a proceeding under Rule 187 is to conduct a fishing expedition, the burden of establishing the contrary is upon the person who is seeking to proceed under the Rule.

Finally, there is the matter of venue. Relator resides in San Augustine County, but the proceeding under Rule 187 has been instituted in Travis County. As is stated above, Articles 14.03, 14.04 and 14.08 of the Election Code create various causes of action in favor of defeated candidates, but they nowhere specify that venue with respect to such causes should be in Travis County or in any other county. The traditional policy of this State, as embodied in Article 1995, R. C. S., is that none of its inhabitants shall be subject to suit outside the county of his domicile except as specifically provided by statute. No such exception exists with respect to actions under Rule 187. If the Respondent C. T. Johnson can proceed under Rule 187 in Travis County, he can, with equal reason, proceed against Relator in Dallam County, in El Paso County, in Orange County, in Bowie County, or in any other county from one corner to the other in this State. In the absence of a statute expressly authorizing suit by a defeated candidate in some county other than the residence of the successful candidate, I do not think this Court should render a decision by which a successful candidate can be harassed by being subjected to the expense and inconvenience of taking depositions of witnesses in any of the 254 counties of this State. The majority opinion has created an ambulatory cause of action cognizable in any court of the State.

In announcing these views on the matter of venue, I am not perturbed by the fact that no action has been had on the plea of privilege in this case. Rule 187 requires that proceedings thereunder be accompanied by a written statement to the effect that the proceedings are sought in a court in which the anticipated suit could be filed. In this case the Respondent C. T. Johnson sought to comply with this requirement by alleging only the legal conclusion that his anticipated suit could be filed in the 53rd District Court of Travis County. I construe this provision of Rule 187 as requiring, not a rote recital of a legal conclusion, but rather allegations of fact sufficient to demonstrate that the suit could, both as a matter of jurisdiction and as a matter of venue, be instituted in the court in which it is sought to proceed under Rule 187. No such facts are alleged in this case. Consequently, I am of the opinion that the matter of venue is before us, not in connection with the plea of privilege filed by Relator—which has not been acted upon by the trial court—but upon the basis of the motion to quash which he filed wherein he averred that the Respondent C. T. Johnson had alleged no facts sufficient to entitle him to maintain any anticipated suit against Relator outside of San Augustine County.

Hence, for the reasons stated herein, as well as for the reasons stated in the dissenting opinion of Mr. Justice Griffin, I am of the opinion that the writs of mandamus and prohibition sought by Relator should be granted.

Opinion delivered June 15, 1955.

Rehearing overruled June 15, 1955.