Bruce **CALDER**, Appellant,

v.

Frank W. **CASS**, Appellee.

No. 15393.

Court of Civil Appeals of Texas. Dallas.

Jan. 31, 1958.

Rehearing Denied March 7, 1958.

Golden, Croley, Howell, Johnson & Mizell and Robert E. Price, Dallas, for appellant.

Witts, Geary, Hamilton & Brice and William C. Koons, Dallas, for appellee.

DIXON, Chief Justice.

Frank W. Cass, appellee, filed an application to perpetuate testimony under Rule 187, Texas Rules of Civil Procedure, naming ten persons as parties adversely interested in the suit he anticipates instituting. He obtained service on all but one of the named persons.

Bruce Calder, appellant, one of the persons on whom service was obtained, filed suit asking for an injunction to restrain appellee from taking the depositions of the witnesses named in the petition. The trial court issued a restraining order, but after a hearing, dissolved the restraining order and refused to grant appellant a temporary injunction.

In his brief appellant attacks the court's refusal on two grounds. He says that (1) appellee's petition to perpetuate testimony is insufficient to satisfy the requirements of Rule 187, T.R.C.P.; and (2) the record discloses that appellee's petition was not made in good faith. At the injunction hearing no evidence was introduced. We must look to the pleadings alone in passing on the points raised by appellant.

We agree with appellee that the petition in substance alleges these to be the facts in regard to his contemplated suit: (1) The parties entered into a joint venture. (2) The venture was entered into in the summer of 1956. (3) The venture was for the purpose of exploring for oil and natural gas. (4) Each person involved was to make certain contributions to the venture. (5)

The parties agreed on the interest and profits that each would hold. (6) The compensation for services rendered by each was agreed upon. (7) The amount of money that the adversely interested parties have failed and refused to pay is in excess of $100,000. (8) The adversely interested parties have refused to pay to appellee the money and things of value to which he is entitled by virtue of his contribution. (9) One Earl Smith was not originally a joint venturer. (10) On information and belief, petitioner alleges that his interest in the venture was or may be transferred to Earl Smith in violation of the rights of petitioner.

We believe appellee's petition meets the requirements of Rule 187, T.R.C.P. It names the parties, and states their residence to be in Dallas County, Texas. So far as the record shows, such allegations are sufficient to establish that Dallas County is the proper county "where such suit could be instituted * * *."

■ Moreover the petition informs appellant of the general nature of the suit which appellee anticipates filing. True, it does not measure up to the requirements of pleading which appellee may have to meet in the face of exceptions, after he files his original petition in his contemplated suit. But that is not the test under Rule 187, T.R.C.P. Our Supreme Court has said: "Rule 187 contemplates that the statement will include such information regarding the nature of the anticipated suit as will fairly enable the adverse party to cross-examine the witness. It does not require or contemplate that the statement will show the testimony which the moving party expects to elicit from the witness. The allegations of the statement in the present case as to the nature of the anticipated suit are somewhat broad and general, but mandamus will not issue to revise a ruling of the trial court as to the sufficiency of the statement in that respect. If the adverse party is prejudiced by the taking of the deposition under a statement which contains insufficient information regarding the nature of the anticipated suit, he has an adequate remedy by proper motion to suppress the deposition when the suit is filed." Ramsey v. Gardner, 154 Tex. 457, 279 S.W.2d 584, 588. We think the above quoted holding of the Supreme Court is applicable, not only in a mandamus case, but also on an appeal such as we have here, especially since the petition of appellee alleges: "Said adversely interested parties have exclusive knowledge of the facts, documents and information necessary to the aforesaid anticipated suit."

Appellant relies on Guthrie v. Speck, Tex. Civ.App., 53 S.W.2d 318. The Guthrie case is not controlling here. It was dealing with a petition obviously insufficient, for the appellate court, describing the petition, on page 320 of the opinion, said: "The application here involved gives *no intimation whatever* regarding the nature of the subject-matter of the anticipated suit." (Emphasis ours.)

Appellant's first point is overruled.

■ Appellant's second point is without merit. As we have already said, no evidence was introduced at the injunction hearing. It was not necessary for appellee to allege that his application was made in good faith. Ramsey v. Gardner, 154 Tex. 457, 279 S.W.2d 584, syl. 6.

■ Appellant says that appellee did not obtain service on Curtis Calder, one of the ten named adversary persons, and that such failure to obtain service on Curtis Calder is a badge of bad faith. We are unable to agree. There is nothing in the record to show why service on Curtis Calder was not had. Did appellee try and fail? The record is silent. In any event appellant Bruce Calder is in no position to complain. Service of citation was had as to him. Therefore his deposition and the deposition of other defendants on whom service was had, may be taken.

The judgment of the trial court is affirmed.