## ANTNER et al. v. STATE.

### No. 13759.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 2, 1938.

Rogers & Spurlock, of Fort Worth, for appellants.

Wm. McCraw, Atty. Gen., Sam Lane and Tom Gordon, Jr., Asst. Attys. Gen., and Will R. Parker, Dist. Atty., and Cecil Rotsch, Asst. Cr. Dist. Atty., both of Fort Worth, for the State.

BROWN, Justice.

The State of Texas, by and through its duly authorized Liquor Control Board, brought suit against Morris Antner and his wife, Sam Canutson and Victor Mayhew, and also against W. H. Smith, as the owner of the premises involved, alleging that the defendants were, in violation of law, conducting an open saloon; that the premises so conducted is a nuisance and the liquor laws of the State are constantly being flagrantly violated therein.

■ The petition states a good cause of action against the defendants.

The prayer is for a temporary injunction to restrain the defendants from violating the law in the many respects with which they are charged in the petition; that the injunction be made perpetual, on final hearing, and that the premises be ordered closed for a year, or until such time as a proper bond be made and approved by the court in a penal sum of not less than $1,000, conditioned as the law requires.

The temporary injunction was granted on April 8, 1937.

On June 14, 1937, the cause was tried on the merits and a verdict returned by a jury, finding against the defendants below on the controverted issues of fact.

The verdict fully supports the judgment of the trial court. The injunction theretofore granted was perpetuated; the premises involved were ordered closed for a period of one year, or until such time as the owner, lessees, tenants and occupants thereof shall give bond in the sum of $5,000, payable to the State of Texas, and conditioned as is required by law.

Antner, Canutson and Smith have appealed and made, under order of the trial court, a supersedeas bond in the sum of $2,500.

■ The single assignment of error presented is one based on the denial by the trial court of the defendants' motion for a continuance predicated upon the absence of their counsel, who was a member of the House of Representatives of the Texas Legislature; the privilege being claimed under the provisions of Article 2168a, R. C.S., Vernon's Ann.Civ.St. art. 2168a.

While we are of opinion that no error is shown and no injury has been done appellants by denying them a continuance, we find that the case must turn on another point.

■ We are met with a motion by the State of Texas to dismiss the appeal, because the matters in controversy are moot.

That the judgment shows to have been rendered against Antner, Canutson and Smith (the owner of the premises) and that pending the appeal the lessees, Antner and Canutson, have sold and disposed of all their interest in the premises and no longer claim any right, title or interest therein.

The motion is supported by affidavits and full proof of the facts alleged therein, and they are not denied by appellants. The proof shows that the premises are not closed, but are open and being operated by the new lessees.

The controversy between appellants and the State of Texas is ended.

The motion to dismiss is sustained, and the appeal is by us dismissed. Ansley v. State, Tex.Civ.App., 175 S.W. 470, and State v. Society for Friendless Children, Tex.Sup., 111 S.W.2d 1075.

Appeal dismissed.