W. M. SHUMARD, Relator

V.

WILLIAM SCANLAN, DISTRICT JUDGE, ET AL, Respondents

No. 3-8363.   Decided May 31, 1961
346 S.W. 2d 595

ASSOCIATE JUSTICE GRIFFIN dissented.

*Peter J. La Valle,* Texas City, for relator.

*Will Wilson,* Atty. Gen., *Robert A. Rowland,* Asst. Atty. Gen., for respondents.

STEAKLEY, JUSTICE.

Relator is W. M. Shumard, who is a defendant in a suit numbered 36571-A, styled The State of Texas v. Bell Loan Company, et al, pending in the 107th District Court of Cameron County, Texas. He was the subject of a subpoena duces tecum commanding him to appear on March 28, 1961, for purposes of taking his deposition in the pending case. The commission for taking the deposition was issued pursuant to Rules 188 and 199, Texas Rules of Civil Procedure.

On this same date of March 28, the following motion was filed in the pending suit:

"MOTION

"TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES PETE LA VALLE, Attorney, for the De-

fendants, Bell Loan Company and W. M. Shumard, in the above styled and numbered cause and makes this his application for a continuance herein for the reason that he is a member of the House of Representatives of the 57th Legislature of the State of Texas, and is in actual attendance at said Legislative Session. That his presence at the taking of any deposition herein and his presence in this cause, is necessary for a fair and proper trial of this cause.

WHEREFORE, Defendants pray the Court to continue this cause until after the adjournment of the Legislature of the State of Texas, as provided by law.

/s/  Pete La Valle

Pete La Valle, Attorney for Defendants.

THE STATE OF TEXAS
COUNTY OF TRAVIS

BEFORE ME, the undersigned authority, on this day personally appeared Pete La Valle, who on oath stated that he is attorney for Defendants in the above styled and numbered cause, and that he is fully qualified and authorized to make this affidavit, and that the foregoing plea and every statement and allegation thereof are true.

/s/  Pete La Valle

Pete La Valle

SUBSCRIBED AND SWORN TO before me this the 28th day of March, 1961.

/s/  O. R. KINSER

Notary Public in and for Travis County, Texas."

Honorable William Scanlan, Presiding Judge of the 107th District Court of Cameron County, set the motion for hearing on April 7, 1961. Mr. La Valle was not present on this date for hearing of the motion, but was in attendance at the session of the House of Representatives of the Texas Legislature. Thereafter the Presiding Judge entered the following order:

"ORDER OF THE COURT

"On the 7th day of April, 1961, came on to be heard the

Motion of Peter J. La Valle, Attorney for Defendant W. M. Shumard, for a continuance of the Deposition of Defendant W. M. Shumard.

"The Court proceeded to hear said Motion and consider the argument and authorities submitted by both Plaintiff and Defendant and the pleadings filed herein, and it appearing to the Court that the Clerk of this Court upon request of the Plaintiff issued a Commission to take the oral deposition of W. M. Shumard on the 28th day of March, 1961, at 10:00 o'clock A.M., in the office of McAtee, Boland & Fridge, Reporters, 936 Bankers Mortgage Building, Houston, Texas, that Mrs. Jeanne M. Wagner, Notary Public, issued a Subpoena Duces Tecum under authority of said Commission, which was duly served on Defendant W. M. Shumard and that Motion of Intention to Take the Oral Deposition of W. M. Shumard was sent to Mr. J. E. Winfree, Attorney of Record for W. M. Shumard, by certified mail on the 15th day of March 1961, and received by Mr. Winfree on the 16th day of March, 1961, and it further appearing that on March 28, 1961, there was filed, by Peter J. La Valle, a Member of the House of Representatives of the 57th Legislature of the State of Texas, a Motion for Legislative Continuance, accompanied by an affidavit that he is the Attorney for Defendant, W. M. Shumard. The Court thereupon found that the Motion for Continuance should be denied.

"It is, therefore, ORDERED that the Defendant, W. M. Shumard, with the records listed in the Subpoena Duces Tecum served him previously, appear at the offices of McAtee, Boland & Fridge, 936 Bankers Mortgage Building, Houston, Texas, at 9:00 o'clock A.M., on the 22nd day of April, 1961, for the purpose of having his oral deposition taken pursuant to Commission duly issued by the Clerk of this Court.

"To which Order Defendant duly excepted.

"Signed for entry this 21st day of April, 1961.

/s/   Wm. Scanlan
JUDGE PRESIDING."

It is to be noted that the Presiding Judge considered the motion filed by Mr. La Valle as an application for a continuance of the deposition of the relator and not as a motion for a continuance of the cause. We do not construe the order of the

Presiding Judge as purporting to deny, or as passing on, the matter of a continuance of the trial of the cause.

Following entry of the above order by the Presiding Judge, the Petition for Writs of Mandamus and Prohibition was filed in this Court on the same date, April 21. We ordered the Petition filed and stayed the taking of the deposition of relator until this cause could be determined.

The specific prayer of the Petition is that the respondents (who are the Presiding Judge, the Assistant Attorney General handling the case for the State, and the Court Reporter acting under the deposition commission) "be prohibited from continuing with their efforts to take the deposition of W. M. Shumard by virtue of the commission now outstanding, and that the Honorable William Scanlan, Acting Judge of the 107th District Court, be commanded to instruct the Clerk of the 107th District Court to recall such commission, and that he be further commanded to enter an order quashing such commission." There is also an alternative prayer that the Presiding Judge "be commanded to enter an order continuing the cause until thirty days past the adjournment of the Legislature of the State of Texas"; we do not, however, consider this question to be before us since, as pointed out above, the Presiding Judge did not pass on this matter.

Our question, then, is whether it was the intention of the Legislature to include the taking of a deposition in a pending suit in the mandatory continuance provisions of Article 2168a, Vernon's Texas Civil Statutes, which reads as follows:

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a member of either branch of the Legislature, and will be or is in actual attendance on a Session of the same. Where a party to any cause is a Member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged

against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary." Acts 1929, 41st Leg., p. 17, ch. 7, Sec. 1, as amended Acts 1941, 47th Leg., p. 69, ch. 56, Sec. 1; Acts 1949, 51st Leg., p. 1111, ch. 569, Sec. 1.

We regard the decision and rationale of this Court in Ramsey v. Gardner, 154 Texas 457, 279 S.W. 2d 584, as decisive of the question before us. This Court there held that a proceeding to perpetuate testimony under Rule 187, Texas Rules of Civil Procedure, is not subject to the mandatory continuance provisions of Article 2168a. It was pointed out in the opinion that Rule 187 contains "no requirement of a hearing or order by the trial court prior to the issuance of the commission"; that "The continuance of a cause usually means the postponement of the trial of a case"; that "It is clear to us that the effect of the statute is to require that the trial of an action or matter in probate be continued when the other requirements are satisfied"; and, finally, that "The statute is mandatory and the intention of the Legislature and the effect of the Act are clearly revealed by its provisions. We would not, therefore, be justified in extending the Act to situations which do not come within its terms."

Three of the members of this Court dissented in Ramsey and in their dissenting opinion pointed out that "The majority applies Article 2168a and our corresponding Rule 254 only to bring about a postponement of the trial of a cause and not to postpone any preliminary or ancillary proceeding."

The only difference between the issue drawn in Ramsey and here is that Rule 187 authorizes the deposition procedure prior to the institution of the suit, whereas the deposition here is in connection with a pending suit to which Rules 188 and 199 apply. The critical question, however, is the same, namely, whether the language in Article 2168a "In all *suits*, either civil or criminal, * * * it shall be mandatory that the court *continue such cause* * * * that any party applying for such *continuance,* or any attorney for any party to *such cause* * * *. On the filing of such affidavit, the court shall *continue the cause,* * * *" (emphasis added) manifests the legislative intent that the mandatory provisions of the Act apply only to a continuance of the *trial* of a cause. It was held in Ramsey that it does so, and it is so held here; we cannot enlarge upon the terms of the Act to include the taking of a deposition in a pending cause just as this Court in Ramsey

could not do so with reference to the taking of a deposition to perpetuate testimony in anticipation of a pending cause.

We are fully aware of the public purpose represented by the enactment of Article 2168a; namely, that members of the Legislature will not be interrupted in the performance of their official duties while in session. It seems clear to us, however, that the Act nowhere manifests an intention by the Legislature to include the taking of a deposition in a pending suit within its mandatory continuance provisions.

In view of our holding that the taking of a deposition is not within the purview of Article 2168a, it becomes unnecessary for us to consider the further contentions of respondents that Mr. La Valle was not attorney for the relator as contemplated by the Act; and that Article 2168a is unconstitutional as invading the powers of the judiciary as has been held by the courts of some states in passing upon the validity of similar statutes.

The Petition for Writs of Mandamus and Prohibition is denied, and the temporary writ of prohibition heretofore issued is dissolved. The costs are taxed against relator.

Opinion delivered May 31, 1961.

GRIFFIN, Associate Justice, dissenting.

I respectfully dissent.

The majority opinion offers no protection to a member of the Legislature from interference with his duties as a lawmaker. The majority holding is an extension of Ramsey v. Gardner, 154 Texas 457, 279 S.W. 2d 584, so as to further restrict the meaning of "cause", as used in Article 2168a, Vernon's Annotated Texas Civil Statutes, to "trial". The taking of depositions is a very necessary and usual part of a trial.

I adopt herein my dissent in the Ramsey case, supra.