

# NUMBER 13-22-00499-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DAMIEN GABRIEL GARZA

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Longoria[1]**

On October 20, 2022, relator Damien Gabriel Garza filed a petition for writ of

mandamus asserting that the trial court abused its discretion by denying relator's motion

for continuance. Relator further filed a motion for emergency stay seeking "to prevent

further proceedings in the trial court and to preserve this Court's mandamus jurisdiction

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

to consider the merits of [this] original proceeding."

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Under normal circumstances, "a trial court's decision to refuse a continuance is reversible only for an abuse of discretion," and thus, the court's ruling on a motion for continuance is discretionary rather than ministerial. *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995) (en banc); *see Collier v. Poe*, 732 S.W.2d 332, 334 (Tex. Crim. App. 1987) (orig. proceeding) (en banc) (stating that "as a general rule the determination of whether to grant a continuance lies with the sound discretion of the court"). Nevertheless, such decisions may be ministerial when, for instance, a statute renders the granting of a motion for continuance to be a ministerial duty. *See Collier*, 732 S.W.2d at 346; *Ojeda v. State*, 916 S.W.2d 609, 610 (Tex. App.—San Antonio 1996, pet. ref'd).

The Court, having examined and fully considered the petition for writ of mandamus, the record provided, and the applicable law, is of the opinion that relator has not met his

burden to obtain relief. Therefore, we deny the petition for writ of mandamus and the motion for emergency stay. *See* TEX. R. APP. P. 52.8(a), (d).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
21st day of October, 2022.